United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CECILIA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No.  24-cv-01367-EJD<br><br>**ORDER REGARDING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 45 |

Plaintiff Cecilia Martinez ("Martinez") moves for partial summary judgment in this product liability suit against Amazon.com Services, LLC ("Amazon").  Specifically, Martinez seeks an order granting judgment as a matter of law on the applicability of the strict products liability doctrine to Amazon, Amazon's failure to warn Martinez, and seven of Amazon's affirmative defenses.  The motion has been fully briefed.  Mot., ECF No. 45; Opp., ECF No. 53; Reply, ECF No. 56.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b).  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Martinez's summary judgment motion. The Court **DEFERS** ruling on certain issues until discovery has been completed.

## I.    BACKGROUND

The facts of this case are straightforward.  Martinez alleges that, in November 2020, she was shopping for car accessories on Amazon's website and decided to purchase a "sparkly bling

Case No.: 24-cv-01367-EJD
ORDER REGARDING MOTION FOR SUMMARY JUDGMENT
1

1    car steering wheel decorative diamond sticker" (the "Product").[1]  Compl., ECF No. 1-1 ¶¶ 9–12.

2    The Product consisted of four metal pieces covered with artificial diamonds or rhinestones and

3    adhesive backs designed to be stuck onto the steering wheel of Honda vehicles.  *Id.* ¶ 13.

4    Martinez alleges that she received and installed these decorative stickers on the steering wheel of

5    her 2020 Honda Civic around November 17, 2020.  *Id.* ¶¶ 15, 18.

6         Three years later, on October 15, 2023, Martinez was driving her car when she ran a red

7    light and collided head-on with an incoming vehicle.  *Id.* ¶ 19; Martinez Decl., ECF No. 45-3 at 2.

8    Martinez alleges that the impact caused the front driver-side airbag to deploy, which dislodged and

9    projected the Product around the cabin of her car.  Compl. ¶¶ 20–21.  One piece connected with

10   her right eye, rendering her completely blind in that eye.  *Id.* ¶¶ 22–24.

11        Martinez sued Amazon in February 2024 in California Superior Court for the County of

12   Santa Cruz, asserting several product liability claims.  *See* ECF No. 1.  The case was removed to

13   this Court on March 7, 2024.  *Id.*

14   **II.    LEGAL STANDARD**

15        Courts may grant summary judgment on a part of a claim or defense only if the moving

16   party shows "there is no genuine dispute as to any material fact and [that it] is entitled to judgment

17   as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine dispute when enough evidence

18   exists in the record for a reasonable fact finder to decide in favor of the nonmoving party.

19   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a fact is material when it might

20   affect the outcome of the case.  *Id.*

21        When evaluating whether a moving party has satisfied this standard, courts view all

22   evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in

23   that party's favor.  *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).  Taking this

24   perspective, courts apply a burden shifting test.  As the moving party, Martinez bears the initial

25

26   ───────────────

27   [1] The full name of the Product was "AEEIX Car Interior Bling Trim Accessories Steering Wheel
     Logo Sign 3D Decals Rhinestone Cover for Honda Civic Accord City Fit CR-V XR-V UR-V
     Odyssey Crosstour Vezel 2013-2020."  Compl. ¶ 11.

28   Case No.: 24-cv-01367-EJD
     ORDER REGARDING MOTION FOR SUMMARY JUDGMENT
     2

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    burden of showing that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477

2    U.S. 317, 323 (1986). If Martinez meets that burden, Amazon must produce affirmative evidence

3    "from which a jury could find in [its] favor" in order to defeat summary judgment. *FTC v.*

4    *Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

5         Summary judgment should be entered "after adequate time for discovery." *Celotex*, 477

6    U.S. at 322. Courts may defer or deny summary judgment to allow the nonmovant an opportunity

7    to conduct full discovery when the nonmovant "shows by affidavit or declaration that, for

8    specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

9    In fact, courts are obligated to do so. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.

10   2001) ("Although Rule 56[(d)] facially gives judges the discretion to disallow discovery when the

11   non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has

12   restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving

13   party has not had the opportunity to discover information that is essential to its opposition.'"

14   (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)); *Head v. Wilkie*, 784 F.

15   App'x 503, 506 (9th Cir. 2019); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th

16   Cir. 2002) (noting that Rule 56(d) "provides a device for litigants to avoid summary judgment

17   when they have not had sufficient time to develop affirmative evidence").

18   **III.   DISCUSSION**

19        Martinez seeks summary judgment as to several of her causes of action and Amazon's

20   affirmative defenses. For clarity, the Court's analysis mirrors how the parties have grouped the

21   issues in their papers and addresses each group in turn.

22        **A.    Undisputed Issues**

23        As a threshold matter, Amazon expressly does not oppose summary judgment on three

24   issues that Martinez raises in her motion.[2]

25

26   [2] The Court is informed that Martinez did not meet and confer with Amazon prior to filing the
     instant motion for summary judgment. Opp. 2 n.1. To narrow the disputed issues and avoid
27   unnecessary litigation, the parties must meet and confer before filing any further dispositive
     motions. *See* Judge Edward J. Davila's Standing Order § V.C.
28   Case No.: 24-cv-01367-EJD
     ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

1    *First*, Amazon does not dispute that the strict product liability doctrine applies to it.  Opp.

2    6–7.  And for good reason, because courts have already decided this issue.  *See Bolger v.*

3    *Amazon.com, LLC*, 267 Cal. Rptr. 3d 601 (Ct. App. 2020) (holding as a matter of first impression

4    that Amazon may be held strictly liable in products liability cases); *Loomis v. Amazon.com LLC*,

5    277 Cal. Rptr. 3d 769, 772 (Ct. App. 2021) (applying *Bolger*); *Diew v. Amazon.com Services,*

6    *LLC*, 2021 WL 2435265, *5 (N.D. Cal. June 15, 2021) (same).  Without agreeing with those

7    courts' rulings, Amazon concedes that they may be applied to the instant case.

8    *Second*, Amazon agrees that its second affirmative defense, assumption of risk, would not

9    entirely bar Martinez's strict liability or negligence claims.  Opp. 7; *see also* Amazon's

10    Affirmative Defenses, ECF No. 14 ¶ 2 ("The Complaint, and each purported claim for relief

11    therein, is barred, in whole or in part, by Plaintiff's assumption, either express or implied, of the

12    risks and dangers, if any, associated with the subject product, circumstances, or conduct.").

13    Amazon maintains, however, that assumption of risk may partially bar Martinez's claims by

14    reducing damages if liability is established.  Martinez disagrees, arguing that assumption of risk

15    has been merged into comparative fault.  Mot. 16.  From what the Court can discern, the parties

16    are actually in agreement.  Their remaining dispute stems from use of somewhat imprecise

17    language that would benefit from clarification.

18    Since its reformulation in *Knight v. Jewett*, 834 P.2d 696 (Cal. 1992), California's

19    assumption of risk doctrine takes two different forms.  Primary assumption of risk applies when

20    the defendant owes no duty to guard against a particular risk of harm, often in cases involving

21    activities with inherent risks.  *Gregory v. Cott*, 331 P.3d 179, 182 (Cal. 2014).  This principle

22    continues to operate as a complete bar to recovery and is the type of assumption of risk that

23    Amazon appears to disclaim in its opposition.  Secondary assumption of risk, which Amazon

24    continues to assert as an affirmative defense, applies when the defendant does owe a duty of care

25    to the plaintiff, and the plaintiff knowingly encounters a risk created by the defendant's breach of

26    that duty.  *Id.*  The California Supreme Court merged this latter doctrine into the comparative

27    negligence scheme in *Li v. Yellow Cab Co.*, 532 P.2d 1226 (Cal. 1975).

28    Case No.: 24-cv-01367-EJD
ORDER REGARDING MOTION FOR SUMMARY JUDGMENT
4

United States District Court
Northern District of California

1       Though legally cognizable, Amazon's secondary assumption of risk defense is duplicative

2   here.  Secondary assumption of risk impacts the calculation of damages after liability is

3   determined.  *Shin v. Ahn*, 165 P.3d 581, 591 (Cal. 2007); *Knight*, 834 P.2d at 707 ("In cases

4   involving 'secondary assumption of risk' . . . the doctrine is merged into the comparative fault

5   scheme, and the trier of fact, in apportioning the loss resulting from the injury, may consider the

6   relative responsibility of the parties.").  Amazon's amended answer already asserts this principle

7   as its fifth affirmative defense.  Amazon's Affirmative Defenses, ECF No. 14 ¶ 5 ("To the extent

8   that Amazon is found liable for any part of Plaintiff's alleged damages, Plaintiff was wholly or

9   partially at fault and any award hereunder must be reduced under the doctrine of comparative

10  fault.").  The Court sees no material difference between Amazon's secondary assumption of risk

11  defense and its comparative fault defense.  To the extent Amazon still wishes to argue secondary

12  assumption of risk, it may do so under the umbrella of its fifth affirmative defense for comparative

13  fault.

14      *Third*, Amazon does not dispute there is no other party that is necessary or indispensable

15  for this action.  It therefore concedes its seventh affirmative defense.

16      Accordingly, the Court **GRANTS** Martinez's motion for summary judgment as to the

17  applicability of the strict product liability doctrine to Amazon, as well as Amazon's second and

18  seventh affirmative defenses.

19      **B.      Failure to Warn (Counts Three and Five)**

20      Martinez seeks summary judgment that Amazon failed to provide warnings concerning use

21  of the Product, a finding relevant to her strict liability and negligence claims for failure to warn.

22  Martinez argues that the undisputed facts show that she received no warnings in the product listing

23  she viewed or in any other materials accompanying the Product.  In support, she proffers two

24  statements in her declaration denying that she received any warnings and points to Amazon's

25  failure to discover any affirmative evidence of warnings.  *See* Martinez's Separate Statement, Fact

26  No. 55, ECF No. 45-1 at 10 (citing Martinez Decl., ECF No. 45-3 ¶¶ 7, 10); Reply 2–3.  Under

27  these circumstances, according to Martinez, there is no dispute as to the merit of her failure to

28  Case No.: 24-cv-01367-EJD
ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    warn claims.  Martinez submits no other evidence to corroborate her assertions.

2         Amazon argues that summary judgment should be denied, or at a minimum, further

3    discovery is necessary to determine whether Martinez received any warnings concerning the

4    Product.  Martinez herself alleges that she installed the Product "as intended, *instructed* and

5    designed," Compl. ¶ 18 (emphasis added), suggesting that she reviewed some material before

6    using the Product.  This material may have contained instructions, warnings, or both.  But as of the

7    date of Martinez's summary judgment motion, such material has yet to surface.  Neither party has

8    been able to produce the exact product detail page that Martinez viewed at the time of purchase.

9    Opp. 12 n.4.  The complaint purports to attach a screenshot of this page, but the captured page is

10   ostensibly not the one that Martinez viewed, because the screenshot shows that the product is out-

11   of-stock.  *See* Compl., Ex. 1, ECF No. 1-1 at 17–20.  In response to Amazon's request for

12   documents that accompanied the product that Martinez purchased, Martinez stated that she

13   possessed no responsive documents.  *See* Huckleberry Decl. Ex. B, ECF No. 53-3 at 4 (Request

14   for Production No. 7).

15        Even considering the available evidence in the light most favorable to Amazon, as the

16   Court must, Martinez at this time has shown a lack of meaningful dispute as to whether Amazon

17   provided warnings.  Martinez declares under penalty of perjury that she received no warnings

18   whatsoever concerning the Product.  Martinez Decl., ECF No. 45-3 ¶¶ 7, 10.  And Amazon has not

19   presented evidence to the contrary.  Given this very limited universe, Martinez's motion for

20   summary judgment as to her failure to warn claims appears meritorious.

21        However, the Court is loath to award summary judgment based on a self-serving

22   declaration and absence of documentary evidence, especially when discovery is ongoing.

23   Martinez filed the instant motion in January 2025, near the beginning of fact discovery and before

24   expert discovery had begun.  *See* ECF No. 35 (setting fact discovery cutoff at July 7, 2025 and

25   expert discovery cutoff at October 2, 2025).  The discovery period has since been extended even

26   further.  ECF No. 68 (extending fact discovery cutoff to November 14, 2025 and expert discovery

27   cutoff to February 13, 2026).  Given this timing, Rule 56(d) requires the Court to either deny or

28   Case No.: 24-cv-01367-EJD
ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

6

United States District Court
Northern District of California

1    defer ruling if Amazon can show that more discovery is necessary to adequately oppose

2    Martinez's motion.

3        Here, Amazon has met its burden.  Amazon states that summary judgment is inappropriate

4    because it has not had the opportunity to depose Martinez or conduct discovery on what

5    information she reviewed when she purchased the Product and whether she spoliated the Product's

6    packaging.[3]  Contrary to what Martinez argues in her motion, the fact that warnings have not been

7    produced yet is not proof that no such warnings exist.  That is, the absence of evidence is not

8    evidence of absence.  Quite the opposite.  The lack of documentary evidence produced to date,

9    either containing warnings or demonstrating the lack thereof, supports the conclusion that there is

10   still a live, disputed issue.  This is especially the case where, as here, Martinez herself alleges that

11   she followed some kind of instructions when using the Product.  *See* Compl. ¶ 18.  What material

12   Martinez reviewed and whether that material contained adequate warnings are crucial questions

13   that must be developed through further discovery.  As such, the Court **DEFERS** summary

14   judgment as to Martinez's failure to warn claims.

### C.    Disregard of Warnings or Instructions (Amazon's Third and Eighth Affirmative Defenses)

       Relatedly, Martinez seeks summary judgment on Amazon's third and eighth affirmative

defenses and asks the Court to find that she did not disregard or fail to follow warnings.  This

request is premature.  Whether Martinez heeded or disregarded warnings depends entirely on what

warnings, if any, were given to Martinez in the first place.  As explained above, that question is

better resolved after discovery has been completed.  Accordingly, the Court **DEFERS** summary

judgment as to Amazon's third and eighth affirmative defenses.

### D.    Comparative Negligence (Amazon's Fifth and Sixth Affirmative Defenses)

       Martinez moves for summary judgment as to Amazon's fifth and sixth affirmative

defenses regarding comparative fault.  She argues that her own negligence cannot be considered in

---

[3] For purposes of this motion, the Court need not reach the merits of Amazon's accusation that Martinez spoliated evidence.  The Court references spoliation only to show that there are facts essential to Amazon's opposition that have yet to be fully explored.

1    the comparative fault analysis and invokes two principles in support.  First, she argues that her

2    causing the car accident was not a substantial factor in causing her own harm.  Next, she contends

3    that, even if her conduct were a substantial factor, the defense of superseding cause absolves her of

4    any liability for her own harm.  As explained below, neither theory is sufficient to support

5    summary judgment.

6         "Under the principles of comparative fault, a person's negligent conduct may be assigned a

7    share of fault greater than 0 percent only when the conduct was a substantial factor in the

8    causation of the pertinent injuries."  *Pfeifer v. John Crane, Inc.*, 164 Cal. Rptr. 3d 112, 124–25

9    (2013), *as modified on denial of reh'g* (Nov. 27, 2013).  Put differently, an actor's negligent

10   conduct is not a substantial factor in bringing about her own harm if she still would have been

11   injured had she not been negligent.  *Viner v. Sweet*, 70 P.3d 1046, 1051 (Cal. 2003) (citing section

12   432 of the Restatement (Second) of Torts).  California, adopting section 432 of the Restatement

13   (Second) of Torts, applies the substantial factor test to cause-in-fact determinations.  *Id.*; *Pfeifer*,

14   164 Cal. Rptr. 3d at 125 (citing *Rutherford v. Owens-Illinois, Inc.*, 941 P.2d 1203, 1214 (1997)).

15        Here, it is undisputed that Martinez's negligent driving caused the accident that resulted in

16   the deployment of her car's airbags.  Reply Separate Statement, Amazon's Fact No. 8, ECF No.

17   56-1 at 22.  Martinez claims, however, that her negligent driving was not a substantial factor in

18   causing the Product to hit her eye.  By her telling, the Product would have injured her even if she

19   had not negligently caused a head-on collision, because her vehicle's airbags could have been

20   triggered in other ways.  She raises several hypothetical situations in which the airbags could have

21   deployed without a collision, including a deer suddenly darting onto the road or debris bouncing

22   up into her vehicle's airbag sensors.

23        To be sure, the substantial factor test does entail evaluation of hypothetical situations.

24   *Viner*, 70 P.3d at 1052.  But the hypotheticals Martinez proffers only describe what *could* have

25   happened in a situation entirely displaced from the accident she was actually in.  The correct

26   inquiry here is whether Martinez *would* have suffered the same injury to her eye had she not been

27   driving negligently under the same circumstances.  Given the nature of the accident—running a

28   Case No.: 24-cv-01367-EJD
     ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    red light through an intersection—the answer to that question is most likely no.

2    Apparently recognizing this shortcoming, Martinez contends that an exception applies.

3    Subsection (2) of section 432 of the Restatement (Second) of Torts provides that if "two forces are

4    actively operating, one because of the actor's negligence, the other not because of any misconduct

5    on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence

6    may be found to be a substantial factor in bringing it about." *Viner*, 70 P.3d at 1051 (quoting

7    section 432). Also known as concurrent independent causes, this principle encompasses situations

8    in which two individuals' actions, each sufficient to cause harm, combine to injure a third party.

9    Martinez claims that her negligent driving was by itself insufficient to cause the injury to her eye,

10    because without the Product, the mere deployment of her airbags would not have injured her eye.

11    As such, her negligence cannot be a substantial factor in causing her harm.

12    The Court disagrees, because Martinez's argument relies on a misreading of the law. As

13    codified in section 432, the concurrent independent causes principle only applies when an actor's

14    negligence and another's misconduct combine to bring harm *to another*. Martinez may not use

15    this exception to absolve herself of comparative negligence for her own injury.

16    Martinez's reliance on superseding cause as a backstop is similarly unfounded. The

17    defense of superseding cause "absolves a tortfeasor, even though his conduct *was* a substantial

18    contributing factor, when an independent event intervenes in the chain of causation, producing

19    harm of a kind and degree so far beyond the risk the original tortfeasor should have foreseen that

20    the law deems it unfair to hold him responsible." *Soule v. Gen. Motors Corp.*, 882 P.2d 298, 312

21    n.9 (Cal. 1994). Martinez argues that the Product itself was an independent event that intervened

22    in the chain of causation between her negligent driving and her injury. She adds that it would be

23    unfair to hold her responsible for her injury because it was unforeseeable that a car accident

24    caused by her negligence would result in loss of eyesight. The Court is not so persuaded.

25    Superseding cause is an affirmative defense only available to the defendant-tortfeasor to defeat

26    causation. Martinez does not cite—and the Court cannot find—a single case to the contrary.

27    Thus, the Court **DENIES** summary judgment as to Amazon's fifth and sixth affirmative

28    Case No.: 24-cv-01367-EJD
ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    defenses for comparative fault.

2        **E.    Apportionment of Fault (Amazon's Ninth Affirmative Defense)**

3        Finally, Martinez moves for no-evidence summary judgment as to Amazon's ninth

4    affirmative defense.  Amazon's affirmative defense states that "Plaintiff's claims against Amazon

5    are barred completely or must be reduced in proportion to the fault attributable to other persons

6    who are found liable or responsible."  Amazon's Affirmative Defenses, ECF No. 14 ¶ 9.  Martinez

7    argues that there is no evidence of anyone else other than Amazon who could share fault for her

8    injuries.  Amazon counters that it has yet to conduct fulsome discovery on whether third parties

9    could also bear fault and specifies that it intends to take discovery from the manufacturer of

10   Martinez's vehicle (Honda) and the manufacturer of the vehicle's airbag (Takata).  Considering

11   that the discovery period is far from over, the Court agrees with Amazon that Rule 56(d) applies.

12   Martinez has not completely dispelled the possibility that another third-party may have

13   contributed to her injury.  Though evidence of third-party fault has not been produced yet, it

14   would be unfair to grant early summary judgment on Amazon's affirmative defense before it has

15   had a chance to find such evidence.  As such, the Court **DEFERS** summary judgment as to

16   Amazon's ninth affirmative defense.

17   **IV.    CONCLUSION**

18       For the foregoing reasons, the Court **GRANTS** Martinez's motion for summary judgment

19   as to the applicability of the strict product liability doctrine to Amazon and as to Amazon's second

20   and seventh affirmative defenses.  The Court **DENIES** summary judgment as to Amazon's fifth

21   and sixth affirmative defenses.  And the Court **DEFERS** its summary judgment ruling as to

22   Counts Three and Five for failure to warn, as well as Amazon's third, eighth, and ninth affirmative

23   defenses.

24

25

26

27

28   Case No.: 24-cv-01367-EJD
     ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

1        **IT IS SO ORDERED.**

2    Dated: July 30, 2025

3

4    _____

5    EDWARD J. DAVILA
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 24-cv-01367-EJD
     ORDER REGARDING MOTION FOR SUMMARY JUDGMENT
                         11